UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MORGAN HOWARTH,
         Plaintiff,

-v-

FORM BIB, LLC, d/b/a FORM NY,
         Defendant.

18-CV-7047 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

In this case arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*, Plaintiff Morgan Howarth has asserted a single count of copyright infringement against Defendant FORM BIB, LLC ("FORM"). (Dkt. No. 1 ("Compl.").) FORM has failed to answer or otherwise respond to Howarth's complaint within the allotted time, and Howarth has now moved for default judgment. (Dkt. No. 18.) For the reasons that follow, the motion is granted.

**I. Background**

For purposes of deciding this motion, the Court accepts as true all factual allegations pleaded in Howarth's complaint. *See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).

Plaintiff Morgan Howarth works as a professional photographer, with a focus on interior and architecture work. (Compl. ¶ 2.) On September 28, 2011, Howarth registered three photographs of a luxury building near Washington, D.C. (the "Photographs") with the Register of Copyrights. (Compl. ¶ 12; Dkt. No. 19 ¶¶ 3–4; *see also* Dkt. No. 1-1.) At some point after Howarth took the Photographs, Defendant FORM, an architectural planning company with a principal place of business in Manhattan, copied them and incorporated them into its website. (Compl. ¶¶ 4, 10, 15–18; Dkt. No. 19 ¶ 9; *see also* Dkt. No. 1-2.) Howarth had not licensed or otherwise authorized FORM to copy, distribute, or display the Photographs. (Compl. ¶¶ 14, 21.)

1

On October 11, 2017, after discovering that FORM was using the Photographs, Howarth contacted FORM and requested, among other things, that it remove the Photographs from its website. (Dkt. No. 19 ¶ 12; Dkt. No. 19-3.) FORM never replied to Howarth (Dkt. No. 19 ¶ 12), and on August 6, 2018, Howarth filed this lawsuit against FORM, asserting a single claim of copyright infringement and seeking damages, equitable relief, and attorney's fees (Compl. ¶¶ 23–29; *see also id.* at 6–7). Howarth served the complaint on FORM on September 14, 2018 (Dkt. No. 8), but FORM failed to answer or otherwise respond to the complaint within the allotted time. Howarth then moved for default judgment on January 31, 2019. (Dkt. No. 18.)

While Howarth's motion was pending, this Court received an *ex parte* letter from FORM, representing that FORM had become aware of the suit but that it had not yet retained counsel. (Dkt. No. 22 at 2.) Accordingly, on March 6, 2019, the Court issued an order announcing that it would defer consideration of Howarth's motion for default judgment for thirty days in order to allow FORM time to retain counsel and enter an appearance in the suit. (Dkt. No. 22 at 1.) More than thirty days have now elapsed, and FORM has taken no further steps to defend this suit. The Court therefore deems it appropriate to rule on Howarth's pending motion at this time.

**II.     Legal Standard**

When a defendant "has failed to plead or otherwise defend" a lawsuit, that defendant is in default and is deemed, for purposes of liability, to have admitted all well-pleaded allegations in the complaint. *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 343–44 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 55(a)). At that point, the plaintiff is entitled to default judgment if the complaint's allegations "establish [the defendant's] liability as a matter of law." *Id.* at 344 (alteration in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

In contrast to the facts supporting liability, however, "the amount of damages" alleged in the complaint "are not deemed true" in the event of a default. *Tiffany (NJ) Inc. v. Luban*, 282 F.

Supp. 2d 123, 124 (S.D.N.Y. 2003) (quoting *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 152 (2d Cir. 1999)). Rather, after a court has determined that entry of default judgment against a defendant on a particular claim is appropriate, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty" by "determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* (quoting *Credit Lyonnais*, 183 F.3d at 152).

## III. Discussion

As noted, Howarth asserts a single infringement claim against FORM under the Copyright Act. To state a claim of infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)).

Here, Howarth has alleged that he "owns a valid copyright in the [Photographs]" (Compl. ¶ 24) and that he has "registered the [Photographs] with the Register of Copyrights" (Compl. ¶ 12; *see also* Dkt. No. 1-1). *See Janik v. MediaPost Commc'ns, Inc.*, No. 16 Civ. 5872, 2017 WL 2735578, at *2 (S.D.N.Y. June 26, 2017) (denying plaintiff's motion for default judgment on an infringement claim where plaintiff had not shown that he had registered his copyright before filing suit). Howarth has further alleged that "FORM copied Howarth's copyrighted [Photographs] without Howarth's permission" (Compl. ¶ 16) and then "distributed the [Photographs] on the internet to promote the sale of goods and services as part of its architectural services" (Compl. ¶ 17). Finally, Howarth has shown not only that the images FORM used on its website are substantially similar to Howarth's copyrighted works, but indeed that FORM reproduced portions of the Photographs more or less exactly. (*Compare* Compl. ¶ 11, *with* Dkt.

3

No. 1-2.) In light of these allegations, which are deemed admitted as a result of FORM's default, the Court concludes that default judgment shall be entered in Howarth's favor.

With FORM's liability settled, the Court turns to the question of the appropriate remedy. Howarth seeks a permanent injunction, monetary damages, and attorney's fees and litigation costs. (Dkt. No. 18 at 6–12.) The Court addresses each form of relief in turn.

As for injunctive relief, the Copyright Act authorizes this Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In deciding whether to enter a permanent injunction, the Court considers whether Howarth has shown that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of an injunction, that the balance of hardships as between himself and FORM tips in his favor, and that the public interest would not be disserved by entry of an injunction. *See McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 499 (S.D.N.Y. 2018). Taking these factors in turn, (1) Howarth's "success on the merits of [his] copyright infringement claim[] has been established," *id.*; (2) absent an injunction, "[FORM] may continue to distribute unauthorized copies" of the Photographs, thereby "preventing [Howarth] from controlling the distribution of [his] products and recovering associated profits," *id.* at 500; (3) the balance of hardships favors Howarth because "[i]t is axiomatic that an infringer . . . cannot complain about the loss of ability to offer [an] infringing product," *id.* (omission in original) (quoting *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 547 (S.D.N.Y. 2015)); and (4) protecting copyrighted works against unauthorized use under the circumstances of this case "promote[s] the store of knowledge available to the public" by "providing individuals a financial incentive to contribute to the store of knowledge,"

4

*Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010). The Court therefore concludes that entry of a permanent injunction is appropriate.

Howarth next seeks monetary damages. Under the Copyright Act, "[a] copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Alternatively, the copyright owner may elect instead to seek "an award of statutory damages" of up to $30,000 per work, *id.* § 504(c)(1), or of up to $150,000 per work where "the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully," *id.* § 504(c)(2). Here, Howarth estimates his actual damages as $58,065 (Dkt. No. 18 at 8; Dkt. No. 19 ¶ 17), but he has opted instead to seek an award of statutory damages in the amount of $150,000 per photograph— for a total of $450,000—on the grounds that FORM acted willfully (Dkt. No. 18 at 9–10).

As an initial matter, the Court concludes that Howarth is entitled to a determination that FORM's infringement was willful. In the context of the Copyright Act, willfulness "means that the defendant recklessly disregarded the possibility that its conduct represented infringement." *Manno v. Tenn. Prod. Ctr., Inc.*, 657 F. Supp. 2d 425, 430 (S.D.N.Y. 2009) (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2d Cir. 2001)) (adopting magistrate judge's report and recommendation). And "willful infringement may . . . be inferred from a failure to appear and defend the action." *Van Der Zee v. Greenidge*, No. 03 Civ. 8659, 2006 WL 44020, at *3 (S.D.N.Y. Jan. 6, 2006). Howarth's complaint here contains no allegation of willfulness (*see* Dkt. No. 1), which undercuts any inference of willfulness that might be drawn from FORM's failure to appear, *see Van Der Zee*, 2006 WL 44020, at *3. But the Court notes that Howarth contacted FORM about his allegations of "knowing, willful, and flagrant violations of [his]

rights in and to the [Photographs]" prior to initiating this lawsuit and that FORM allegedly never responded. (Dkt. No. 19-3 at 2; *see also* Dkt. No. 19 ¶ 12.) Given FORM's failure to offer any innocent explanation for its infringement when directly confronted about it, the Court finds that Howarth has carried his burden of showing willfulness.

That finding, however, does not settle the question of damages. The $150,000 per-work maximum that the Copyright Act establishes for willful infringement "is simply a possibility, not an assurance." *Cengage Learning, Inc. v. Bhargava*, No. 14 Civ. 3174, 2017 WL 9802833, at *5 (S.D.N.Y. Aug. 22, 2017) (report and recommendation), *adopted*, *Cengage Learning, Inc. v. Globonline SDN*, No. 14 Civ. 3174, 2018 WL 1989574 (S.D.N.Y. Apr. 25, 2018). Rather, the Court has wide discretion in assessing the proper amount of statutory damages, *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 143 (2d Cir. 2010), based on considerations that include "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties," *id.* at 144.

Howarth has offered scant evidentiary support for his claimed actual damages of $58,065 (*see* Dkt. No. 19 ¶¶ 13–17), let alone for a statutory damages award nearly eight times that amount, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (holding that a district court committed error by "simply accept[ing] at face value" a default judgment holder's statement of its damages); *Reilly v. Commerce*, No. 15 Civ. 5118, 2016 WL 6837895, at *9 (S.D.N.Y. Oct. 31, 2016) (report and recommendation) ("Where . . . infringement [is] willful but not 'truly egregious,' courts in this Circuit frequently award statutory damages 'of between three and five times the cost of the licensing fees the defendant

would have paid.'" (quoting *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016))), *adopted*, No. 15 Civ. 5118, Dkt. No. 21 (S.D.N.Y. Nov. 21, 2016). The Court therefore concludes that the present record does not allow "the amount of damages . . . [to] be ascertained 'with reasonable certainty,'" *PAPS v. GME Entm't, Inc.*, No. 09 Civ. 2508, 2012 WL 5873584, at *7 (S.D.N.Y. Nov. 19, 2012) (quoting *Credit Lyonnais*, 183 F.3d at 155), and that an inquest on damages is necessary. For example, if it turns out that the website on which FORM displayed the Photographs "was rarely, if ever accessed" and that those images, as displayed, "were inessential to use, minor in context, and eventually deleted," as FORM has represented in its *ex parte* letter (Dkt. No. 22 at 3), the Court anticipates that a statutory damages award far lower than the amount Howarth seeks would be appropriate, *see Bryant*, 603 F.3d at 144 (identifying "the expenses saved, and profits earned, by the infringer," as well as "the revenue lost by the copyright holder" as factors relevant to the appropriate damages award).

Finally, Howarth seeks an award of attorney's fees and costs in the amount of $3,366. (Dkt. No. 18 at 10.) Because the findings material to the proper measure of statutory damages may be instructive in determining whether an award of fees is appropriate in this case, and because Howarth is likely to accrue additional fees during the anticipated damages proceedings in any event, the Court defers consideration of Howarth's request for fees and costs pending a damages inquest.

**IV.    Conclusion**

For the foregoing reasons, Howarth's motion for default judgment against FORM is GRANTED. The Court declares that FORM violated Howarth's exclusive rights under 17 U.S.C. § 106 by willfully engaging in the unauthorized copying of Howarth's registered works. It is further ordered that FORM and its officers, agents, servants, employees, affiliated entities,

7

and all of those in active concert with them, be permanently enjoined from any and all use of the Photographs at issue in this matter in violation of 17 U.S.C. § 501.

The Clerk of Court is directed to close the motion at Docket Number 18 and to refer the matter to U.S. Magistrate Judge Sarah Netburn for an inquest on damages, including attorney's fees and costs.

Howarth is directed to serve a copy of this Opinion and Order on FORM.

SO ORDERED.

Dated: May 6, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge