UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MORGAN HOWARTH,

                                  Plaintiff,

            -against-

FORM BIB LLC,

                                  Defendant.

-----------------------------------------------------------------X

**18-CV-7047 (JPO)(SN)**

**REPORT AND RECOMMENDATION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/2020

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE J. PAUL OETKEN:**

      Plaintiff Morgan Howarth ("Howarth") brings this suit against defendant FORM BIB, LLC, d/b/a FORM NY ("FORM"), alleging a single count of copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. See ECF No. 1 ("Compl."). After FORM failed to answer or otherwise respond to Howarth's complaint within the time permitted by the Court, the Hon. J. Paul Oetken entered a default against FORM on May 6, 2019. ECF No. 23. Judge Oetken then referred this matter to me to issue a report and recommendation on the amount of damages and attorneys' fees to award Howarth. Id. For the following reasons, I recommend an award of $50,310 in statutory damages and $6,350 in attorney's fees and costs.

## BACKGROUND

      In light of FORM's default, the Court accepts as true all well pleaded factual allegations in Howarth's complaint, except as to damages. See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (per curiam) (internal quotation marks omitted).

Howarth, a professional photographer, registered three of his photographs of the interior of a luxury building near Washington, D.C. (the "Photographs") with the Register of Copyrights in September 2011. See Compl. ¶ 12; ECF No. 19 ¶¶ 3–4; see also ECF No. 1-1. FORM, an architectural planning company, later incorporated the Photographs into its website even though Howarth never licensed or otherwise authorized FORM to copy, distribute, or display the Photographs. See Compl. ¶¶ 4, 10, 14–18, 21; ECF No. 19 ¶ 9; see also ECF. No. 1-2. In 2017, Howarth learned that FORM had used the Photographs on its website and sent a cease and desist letter to FORM demanding removal of the Photographs from the website. See ECF No. 19 ¶ 12; ECF No. 26-1. FORM never responded to Howarth's correspondence. ECF No. 19 ¶ 12.

Howarth filed this action on August 6, 2018, alleging copyright infringement against FORM. See Compl. ¶¶ 23–29. FORM's only participation in this litigation was the filing of a single *ex parte* submission after Howarth had moved for default judgment, in which FORM stated that it was aware of the suit but was unrepresented. See ECF No. 22 at 2. Upon receiving the *ex parte* submission, the Court postponed consideration of Howarth's motion for a default and provided FORM 30 days to obtain counsel. ECF No. 22 at 1. When more than 30 days passed and FORM had not taken any additional action in the case, the Court granted Howarth's motion for default and referred the matter to me for a report and recommendation on damages as well as attorneys' fees and costs. ECF No. 23.

## DISCUSSION

### I. Default and Liability

Where default has been entered, courts are to accept as true all well pleaded facts alleged in the complaint, except those concerning the amount of damages. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir.

1997) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "[E]ven after [a] default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." In re Industrial Diamonds Antitrust Litig., 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688, at 63 (3d ed. 1988)). Where a plaintiff's well pleaded facts are sufficient to state a claim upon which relief can be granted, the only remaining issue in an inquest is whether plaintiff has provided adequate support for its requested relief. See Gucci Am., Inc. v. Tyrrell-Miller, 678 F. Supp. 2d 117, 119 (S.D.N.Y. 2008) (citing Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).

"[A] plaintiff seeking to recover damages against a defaulting defendant must prove its claim th[r]ough the submission of evidence . . . ." Malletier v. Carducci Leather Fashions, Inc., 648 F. Supp. 2d. 501, 503 (S.D.N.Y. 2009). A court may determine the amount, if any, a plaintiff is entitled to recover without holding a hearing as long as (1) the court determines the proper rule for calculating damages, and (2) the evidence submitted by the plaintiff establishes "with reasonable certainty" the basis for the damages. Id. (citing Credit Lyonnais Sec. (USA), Inc., 183 F.3d at 155, and Transatlantic Marine, 109 F.3d at 111). The plaintiff bears the burden of proof and must introduce sufficient evidence to establish the amount of damages with "reasonable certainty." Transatlantic Marine, 109 F.3d at 111; see also Lenard v. Design Studio, 889 F. Supp. 2d 518, 538 (S.D.N.Y. 2012) (awarding no damages because plaintiff failed to demonstrate the amount of fines incurred that were attributable to defendant).

FORM, by virtue of its default, concedes liability as to the well pleaded allegations in Howarth's complaint, which states a valid cause of action for copyright infringement.

See Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas, 509 F. App'x 54, 56 (2d Cir. 2013) (whether a defaulting defendant is liable depends on whether the complaint's "allegations are sufficient to state a cause of action"). To state a claim of copyright infringement, a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 63 (2d Cir. 2010) (quoting Hamil Am. Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999)). Here, the Court held that Howarth adequately alleged ownership of a valid copyright, that FORM copied the copyrighted materials without permission, and that the replicated images are substantially similar—if not identical—to Howarth's Photographs, thus establishing FORM's liability for infringement as a matter of law. See ECF No. 23 at 3–4.

I find Howarth has provided sufficient evidence to support his request for damages such that a hearing is unnecessary because his submissions constitute a "sufficient basis from which to evaluate the fairness" of his request for damages. Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989).

**II.   Statutory Damages**

Howarth estimates his actual damages total $58,065 (ECF No. 18 at 8; ECF No. 19 ¶ 17) but seeks an award of statutory damages pursuant to 17 U.S.C. § 504(c)(1) and (2) in the amount of $150,000 per photograph—for a total of $450,000—on the grounds that FORM acted willfully. See ECF No. 18 at 9–10.

**A. Legal Standard**

Under Section 504 of the Copyright Act, a copyright owner is entitled either to actual damages caused by an infringement (plus any profits gained by an infringer), or statutory

damages. 17 U.S.C. § 504(a). A copyright owner may elect to recover an award for statutory damages instead of actual damages in the amount "of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In cases of willful infringement, the court has the discretion to increase the statutory damages award to a maximum of $150,000 per work. 17 U.S.C. § 504(c)(2). The $150,000 per-work maximum that the Copyright Act provides in cases of willful infringement "is simply a possibility, not an assurance." Cengage Learning, Inc. v. Bhargava, 14-cv-3174 (DAB)(RLE), 2017 WL 9802833, at *5 (S.D.N.Y. Aug. 22, 2017), report and rec. adopted sub nom. Cengage Learning, Inc. v. Globonline SDN, 2018 WL 1989574 (S.D.N.Y. Apr. 25, 2018).

"The Copyright Act affords [a] court 'wide discretion' in setting the amount of statutory damages." Myeress v. Elite Travel Group USA, 18-cv-340 (AJN), 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) (quoting Fitzgerald Publ'g. Co. v. Baylor Publ'g. Co., Inc., 807 F.2d 1110, 1116 (2d Cir. 1986)). In determining an appropriate statutory damages award, courts in this Circuit also consider the following factors (the "Bryant" factors):

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Myeress, 2018 WL 5961424, at *3 (quoting Bryant v. Media Right Productions, 603 F.3d 135, 144 (2d Cir. 2010) (citation omitted)).

In cases of willful infringement, an award should "discourage wrongful conduct, as well as . . . provide reparation for injury." Broad. Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 197–98 (S.D.N.Y. 2016) (internal quotation marks omitted). To achieve these purposes, courts often impose as statutory damages a multiple of the applicable licensing fee a defendant

would have paid but for the infringement. See Barcroft Media, Ltd. v. Coed Media Grp., LLC, 297 F. Supp. 3d 339, 356 (S.D.N.Y. 2017). Where infringement is willful but not "truly egregious," courts in this Circuit frequently award statutory damages of between three and five times the cost of the licensing fees the defendant would have paid. See Prana Hosp., Inc., 158 F. Supp. 3d at 199 (collecting cases).

### B. Application

Howarth seeks to recover $150,000 per work, which is the maximum permissible award under the Copyright Act for willful infringement of a copyright in a single work. I conclude that an award of five times the licensing fees per work—$16,770— is appropriate given the circumstances of this case, resulting in a total award of $50,310.

Because no discovery occurred due to FORM's default, Howarth could not obtain evidence from which the Court is able to evaluate the expenses saved or the profits reaped by FORM (the second Bryant factor) or the value of the infringing material (the fifth Bryant factor). Based on the evidence presented, the Court can, however, analyze FORM's state of mind— inferred from its default (the first Bryant factor), the revenues Howarth lost due to FORM's infringement (the third Bryant factor), and FORM's conduct (the sixth Bryant factor). The Court can also consider the deterrent effects of a damages award on FORM and third parties (the fourth Bryant factor).

Regarding FORM's state of mind and conduct (the first and sixth Bryant factors), the Court has already concluded based on the record presented that that FORM's conduct was willful, in part based on FORM's failure to offer any innocent explanation for its infringement when directly confronted about it both before and after the commencement of this suit. See ECF No. 23; see also ECF No. 19-3 at 2; ECF No. 19 ¶ 12; ECF No. 22.

In terms of the revenues that Howarth lost due to FORM's infringement (the third <u>Bryant</u> factor), Howarth states he would have received $3,354 per photograph per year had FORM paid the proper annual licensing fee. ECF No. 26-1, ¶ 13. The maximum statutory award of $150,000 would be nearly fifty times that sum. Howarth has not justified such an exceptional award in this case. <u>See</u> <u>Prana Hosp., Inc.</u>, 158 F. Supp. 3d at 199 (rejecting plaintiff's request for statutory damages amounting to six times the sum of unpaid licensing fees because plaintiffs did not establish "the basis for exceeding [the] customary norm"). I find that damages of five times the forgone licensing fees would be sufficient to compensate plaintiff in light of the revenues lost and to deter other potential infringers considering comparable conduct (the fourth <u>Bryant</u> factor). <u>See</u> <u>Reilly v. Commerce</u>, 15-cv-5118 (PAE)(BM), 2016 WL 6837895, at *9 (S.D.N.Y. Oct. 31, 2016), <u>report and rec. adopted by</u> 15-cv-5118 (PAE)(BM), ECF No. 21 (S.D.N.Y. Nov. 21, 2016); <u>Erickson Prods., Inc. v. Only Websites, Inc.</u>, 12-cv-1693 (PGG)(KNF), 2016 WL 1337277, at *3 (S.D.N.Y. Mar. 31, 2016) ("Courts in this District have also found that damage awards amounting to three times the plaintiff's licensing fee are adequate both to deter the defendant from violating copyright law in the future, and to serve as a general deterrent to other potential infringers.").

Howarth argues that even if the Court declines to award the maximum statutory damages award per work, the Court should not award less than $30,000 per work. I do not find such an award appropriate. In willful copyright infringement cases, a multiplier of the licensing fee is in line with the general approach taken by courts in calculating statutory damages. <u>See</u> <u>Prana Hosp., Inc.</u>, 158 F. Supp. 3d at 199 (collecting cases awarding three to five times licensing fees as damages); <u>Erickson Prods., Inc.</u>, 2016 WL 1337277, at *3 (awarding three times the licensing fee in case of willful copyright infringement and overruling plaintiff's objection that such an

award was inconsistent with persuasive authority imposing much more substantial damages). I also find that Howarth has not provided a sufficient legal basis for his argument that the scarcity of the Photographs warrants an additional multiplier of five to the statutory damages award.

## III. Attorneys' Fees and Costs

Howarth seeks $5,965 in attorneys' fees for 16.3 hours of work as well as $510 in litigation costs. ECF No. 26 at 9; ECF No. 26-2 at 4–5.

### A. An Award of Fees and Costs is Warranted

A prevailing party in a copyright infringement action may recover full costs, including reasonable attorney's fees. 17 U.S.C. § 505. "The Supreme Court has made clear that attorneys' fees in copyright actions are not automatic to the prevailing party" but "are to be awarded to prevailing parties only as a matter of the court's discretion." Lucerne Textiles, Inc. v. H.C.T. Textiles Co., 12-cv-5456 (KMW)(AJP), 2013 WL 174226, at *4 (S.D.N.Y. Jan. 17, 2013) (internal quotation marks omitted), report and rec. adopted by 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013). A court deciding whether to award fees and costs may consider, among other things, "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994) (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986)); accord Bryant, 603 F.3d at 144. Further, "[a]s courts in this Circuit have repeatedly held, a defendant's willful infringement supports an award of attorneys' fees to a prevailing plaintiff." Beastie Boys v. Monster Energy Co., 112 F. Supp. 3d 31, 43 (S.D.N.Y. 2015) (collecting cases).

Here, the relevant considerations—including a finding of willful infringement— support an award of costs and attorneys' fees to Howarth. See id.; see also Broad. Music, Inc. v. R Bar of

Manhattan, Inc., 919 F. Supp. 656, 661 (S.D.N.Y. 1996) ("Considerations of deterrence support an award of attorney's fees to the prevailing parties here, while none of the factors that might justify denying such an award, *e.g.,* the presence of complex or novel issues, a defendant's innocent state of mind, or prosecution of the case in bad faith, is present.").

**B. Amount of Fees and Costs**

Howarth requests $5,965 in attorneys' fees for 16.3 hours of work completed by three attorneys, a paralegal, and an investigator and $510 in costs for a filing fee and service of process. ECF No. 26-2. In support of this application, Howarth's counsel submits a contemporaneous timesheet accounting for the hours and nature of the work expended litigating this case. See id.

In this Circuit, courts assess the reasonableness of attorneys' fees requests using a variation on the "lodestar" method that generates a "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008). The "presumptively reasonable fee" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).

**1. Reasonable Rate**

To ascertain the reasonable hourly rate for work performed in a particular case, courts look to the reasonable hourly rates prevailing in the district for similar services provided by attorneys with comparable skill and experience. See Sub-Zero, Inc. v. Sub Zero NY Refrigeration & Appliances Servs., Inc., 13-cv-2548 (KMW)(JLC), 2014 WL 1303434, at *8 (S.D.N.Y. Apr. 1, 2014). Courts also consider any evidence offered by the parties and may also rely on their own familiarity with prevailing rates in the District. See Malletier v. Artex Creative

9

Int'l Corp., 687 F. Supp. 2d 347, 359 (S.D.N.Y. 2010) (citations omitted). Where a moving party "fails to provide information on the attorneys' and paralegals' backgrounds and experience, courts have used their discretion to award fees at a rate lower than requested." Artex Creative Int'l Corp., 687 F. Supp. 2d at 362.

Here, attorney Joel Rothman has submitted an affidavit setting forth the total attorneys' fees, with an attachment itemizing the work done, hours expended, and the amount billed.[1] ECF No. 26-2. Rothman arrives at a lodestar figure of $5,965 based on 14.1 hours of legal work performed by attorneys—a partner (Rothman), an attorney (Jonah A. Grossbardt) and an associate (Joseph A. Dunne)—each charging approximately $395 per hour, 1.2 hours spent by a paralegal charging $177.08 per hour, and 1 hour expended by an investigator charging $175 per hour. Id. Here, the invoice "set[s] forth the date on which services were performed, the hours spent, and the nature of the work performed for each attorney and . . . paralegal. Such a submission meets the evidentiary threshold for the recovery of attorney[s'] fees." Prana Hosp., Inc., 158 F. Supp. 3d at 201 (citation omitted); see ECF No. 26-2.

The hourly rates charged by the partner, attorney, and associate on this case is reasonable. See Michael Grecco Prods., Inc. v. Function(X) Inc., 18-cv-386 (NRB), 2019 WL 1368731, at *6 (S.D.N.Y. Mar. 11, 2019) ("A review of cases in this district and in the Eastern District of New York suggests that courts [routinely] approve[] associate rates of $350, and up to $500 for partners in copyright cases." (quoting Myeress, 2018 WL 5961424, at *5)); Prana Hosp., Inc.,

---

[1] There is a slight discrepancy between the hourly rates set forth in the Rothman Declaration (ECF No. 26-2) and those set forth in the invoice (ECF No. 26-2 Ex. A). Specifically, the Rothman Declaration lists Joel Rothman's hourly rate at $395 per hour and Jamie James's hourly rate at $175 per hour. ECF No. 26-2 at 2-3. However, the attached invoice appears to bill at hourly rates of $396.70 and $177.08 for Rothman and James, respectively. The total amount requested, $6,475.00, is based on the rates listed in the invoice.

158 F. Supp. 3d at 201–02 (collecting cases approving rates between $180 and $445 per hour for associates on copyright infringement case).

The Court has been given no information whatsoever as to experience and expertise for the paralegal staffed on this case and would act well within its discretion to reduce the fee sought on that basis. See Yea Kim v. 167 Nail Plaza, Inc., 05-cv-8560 (GBD)(GWG), 2009 WL 77876, at *9 (S.D.N.Y. Jan. 12, 2009) (reducing fees sought for paralegals to $50 per hour because no information was submitted regarding their experience or expertise). I nonetheless find that $177.08 per hour is generally reasonable and in line with the prevailing market rate for paralegals in this district. See Sub-Zero, Inc., 2014 WL 1303434, at *9 (collecting cases awarding between $170 and 235 per hour for paralegals). Regarding the investigator, however, I find a reduction in fees to $50 per hour is appropriate based on the lack of any statement of the investigator's experience or credentials. See Kingvision Pay-Per-View Ltd. v. Lalaleo, 429 F. Supp. 2d 506, 511 (E.D.N.Y. 2006) (declining to award investigator's fees in part because party submitted no evidence of investigator's qualifications); cf. Yea Kim, 2009 WL 77876, at *9.

**2. Hours Expended**

After determining the reasonable hourly rates for each attorney and staff member, the Court must examine the hours expended by counsel to determine their reasonableness, excluding excessive, redundant, or otherwise unnecessary hours. See Prana Hosp., Inc., 158 F. Supp. 3d at 201. The fee applicant bears the burden of establishing the hours reasonably expended on the case and must submit adequate documentation of those hours. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The fee applicant must also exercise adequate "billing judgment" and exclude from the fee application any hours that were not reasonably expended on the case. Id. at 434. In this Circuit, these principles normally require counsel to submit contemporaneously prepared

time records. See, e.g., New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983).

Upon careful review of the invoice submitted with Rothman's affidavit, I conclude that it reflects adequate billing practices. The invoice is detailed, clear, and does not contain evidence of redundant or unnecessary effort. Counsel has properly accounted for its hours expended on this matter and I find that the number of hours billed (16.3) litigating this case from inception through default and this inquest is reasonable. Multiplying the total hours by the hourly rates established above (adjusting for the lower hourly rate suggested for the investigator), I recommend the Court grant an attorneys' fees award of $5,840.

**2. Costs**

Howarth seeks $510 in costs, consisting of $400 for filing fees and $110 for service of process and submits an invoice reflecting those amounts. ECF No. 26-2 at 5. These are routine costs, authorized by the Copyright Act, which are frequently awarded to the prevailing party in infringement cases such as this. 17 U.S.C. § 505 ("[T]he court in its discretion may allow the recovery of full costs by or against any party."); see, e.g., Carducci Leather Fashions, Inc., 648 F. Supp. 2d at 506 ("The costs that a party may recover include such items as filing fees, fees for service process, and witness fees."). Accordingly, I recommend the Court award Howarth $510 in costs.

## CONCLUSION

For the reasons above, I respectfully recommend that the Court enter a judgment awarding Howarth: (i) statutory damages under the Copyright Act in the amount of $50,310; and (ii) attorneys' fees and costs in the amount of $6,350.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   May 11, 2020
         New York, New York

\*          \*          \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Oetken. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).